

**IT IS ORDERED as set forth below:**

**Date: March 8, 2018**

_Paul Baisier_ (signature)

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **16-69706-PMB** |
| **TAWAKALIT TAYLOR,** | : | |
| Debtor. | : | CHAPTER 7 |
| | : | |
| **TAWAKALIT TAYLOR,** | : | |
| Plaintiff, | : | |
| v. | : | ADVERSARY PROCEEDING |
| | : | NO. **17-5253** |
| **WELLS FARGO BANK, N.A., McCALLA RAYMER LEIBERT PIERCE, LLC, RESIDENTIAL CAPITAL MANAGEMENT FUND 1, LP, and WRI PROPERTY MANAGEMENT, LLC**, | : | |
| Defendants. | : | |

**ORDER GRANTING MOTIONS TO DISMISS
PLAINTIFF'S COMPLAINT AS TO DEFENDANT-MOVANTS
<u>WELLS FARGO BANK, N.A. AND McCALLA RAYMER LEIBERT PIERCE, LLC</u>**

Before the Court are the following matters:

(i) *Defendants' Motion to Dismiss Plaintiff's Complaint* filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on November 9, 2017 (Docket No. 6)(the "Wells Fargo Motion to Dismiss");

(ii) *Defendant McCalla Raymer Leibert Pierce, LLC's Motion to Dismiss Plaintiff's Complaint for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362 and Other Relief* filed by Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP") on November 9, 2017 (Docket No. 7)(the "MRLP Motion to Dismiss");

(iii) *Plaintiff's Combined Response in Opposition to Defendants Wells Fargo Bank, N.A.'s and McCalla Raymer Leibert Pierce, LLC's Motions to Dismiss for Failure to State a Claim* filed by Plaintiff-Debtor named above (the "Debtor") on November 27, 2017 (Docket No. 10)(the "Debtor's Combined Response");

(iv) *Defendant McCalla Raymer Leibert Pierce LLC's Reply to Plaintiff's Combined Response in Opposition to Defendants Wells Fargo Bank, N.A.'s and McCalla Raymer Leibert Pierce, LLC's Motions to Dismiss for Failure to State a Claim* filed by MLRP on December 11, 2017 (Docket No. 11)("MLRP's Reply"); and,

(v) *Reply in Support of Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint* filed by Wells Fargo on December 11, 2017 (Docket No. 12)("Wells Fargo's Reply").

In the Wells Fargo Motion to Dismiss and the MRLP Motion to Dismiss, Wells Fargo and MRLP (collectively, the "Movants") argue that the Debtor has failed to assert a claim upon

which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), applicable herein through Federal Rule of Bankruptcy Procedure 7012(b), on each cause of action alleged by the Debtor against them.

## BACKGROUND

In the complaint filed by Plaintiff-Chapter 7 Debtor (the "Debtor") on October 9, 2017 (Docket No. 1)(the "Complaint"), the Debtor asserts that the Defendants conducted an improper foreclosure sale (the "Foreclosure Sale") of real property located at 1070 Saddle Lake Court, Roswell, Georgia (the "Property"), which the Debtor then owned and in which she then resided, on November 1, 2016 without informing her.  The Debtor further asserts that she continued to reside in the Property after the Foreclosure Sale, later learned that a dispossessory action had been filed against her, and was evicted from the Property on January 4, 2017, while out of town. The Debtor claims, however, that the bankruptcy petition commencing this Chapter 7 case (the "Petition") was filed thirteen (13) minutes after the Foreclosure Sale was conducted on November 1, 2016.  The Debtor further contends that the filing of the Petition occurred before the Foreclosure Sale was consummated, since the execution and delivery of a deed under power (the "Deed Under Power") did not occur until on or about February 10, 2017, and the Deed Under Power was not filed of record until February 21, 2017.  On these facts, and under applicable law, the Debtor insists that she retained her equitable right of redemption at the time of filing of her Petition, and that the post-petition actions taken against her and the Property with knowledge of the filing of the bankruptcy case, violated the automatic stay of 11 U.S.C. § 362, resulting in actual damages and damages for emotional distress (Count I).   The Complaint also

contains counts for surprise (Count II)(O.C.G.A. § 23-2-54), trespass (Count III)(O.C.G.A. § 51-9-1), wrongful eviction (Count IV), and slander of title (Count V)(O.C.G.A. § 51-9-11).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if a complaint fails "to state a claim upon which relief can be granted." Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[1] The factual content alleged must "state a claim to relief that is plausible on its face." *Ashcroft*, *supra*, 556 U.S. at 678, quoting *Twombly*, *supra*, 550 U.S. at 570. Facial plausibility is shown "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Twombly*, *supra*, at 556. Although the Court must accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" are not sufficient. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004)(citations omitted). Dismissal is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)(citations omitted).

With these pleading standards in mind, the Court concludes that the Complaint falls short of plausibly demonstrating a basis for the Movants' asserted liability on certain of the grounds alleged. From a review of the pleadings, it appears that the material facts as to the occurrence of

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D.Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

the Foreclosure Sale and the execution and recording of the relevant post-foreclosure documents are not in dispute, and the issue for decision centers on the application of the law to those facts.

## BASIC FACTS

The basic facts as alleged by the Debtor are generally as follows, and are undisputed. Wells Fargo retained MRLP to conduct a non-judicial Foreclosure Sale of the Property, in which Wells Fargo held a first-position security title under Georgia law. On November 1, 2016 at 1:38 p.m., the Foreclosure Sale went forward and the Property was sold to Defendant Residential Capital Management Fund 1 LP ("Res-Cap") as the high bidder. The Petition commencing this Chapter 7 bankruptcy case was filed at 1:51 p.m. on November 1, 2016.[2] The Debtor was dispossessed from the Property by Res-Cap and its agent, WRI Property Management, Inc. ("WRI"), in January of 2017. The Deed Under Power conveying the Property to Res-Cap was executed, delivered and filed in February of 2017.

## CONTENTIONS OF THE PARTIES

The Debtor argues that, based on those facts, she retained her equitable right of redemption in the Property at the time of filing of the Petition because the Foreclosure Sale had not been completed at that time. Citing *Tampa Inv. Grp., Inc. v. Branch Banking & Trust Co.*, 290 Ga. 724, 727, 723 S.E.2d 674 (2012), the Debtor contends that, in Georgia, a foreclosure sale does not occur until the sale is consummated. *See also Tait v. Nationstar Mortg. LLC*, 2015 WL 5725249, *2

---

[2] This is the Debtor's second bankruptcy filing within a year, and her fourth bankruptcy case in this Court since 2014. She was previously the Debtor in Chapter 13 Case No. 16-61746, which was filed on July 5, 2016, and was dismissed on August 16, 2016 (the "Recent Case"). She was also previously the Debtor in Chapter 13 Case No. 14-60960, which was filed on June 3, 2014, and was dismissed on August 8, 2014. Finally, she was also the Debtor in Chapter 7 Case No. 14-50379, which was filed on January 6, 2014, in which she received a discharge on June 3, 2014 (the "Chapter 7 Case"). Because of her discharge in the Chapter 7 Case, she is not eligible for a discharge in this case. 11 U.S.C. § 727(a)(8).

(N.D.Ga. Sept. 30, 2015). According to the Debtor, a foreclosure sale is complete upon execution and delivery of the deed under power and the exchange of consideration from the bidder to the creditor, which is applied to reduce the borrower's debt. *Tait*, at *2, citing *Building Block Enters. v. State Bank and Trust Co.*, 314 Ga.App. 147, 150-51, 723 S.E.2d 467 (2012); *Legacy Communities Grp. v. Branch Banking & Trust Co.*, 310 Ga.App. 466, 470, 713 S.E.2d 670 (2011), *rev'd in part on other grounds, Tampa Inv. Grp., supra*, 290 Ga. 724, 723 S.E.2d 674. Submission of the highest bid only forms a contract for sale. *Chase Home Fin. LLC v. Geiger (In re Geiger)*, 340 B.R. 422, 423-24 (Bankr. M.D.Ga. 2006)(Hershner, B.J.)(citations omitted), *but see Williams v. SunTrust Bank (In re Williams)*, 393 B.R. 813, 820 (Bankr. M.D.Ga. 2008)(Hershner, B.J.). Thus, divestment of a debtor's right to possession and equity of redemption require a tender of the bid amount or execution of the deed in completion of the sale. *Geiger, supra*, at 424-25 (citations omitted).

It is not disputed that the actions taken by the Movants with respect to the Deed Under Power, as well as application of the sale proceeds, occurred after the filing of the Petition. The Debtor asserts that, because the Foreclosure Sale was not consummated when the Petition was filed, the right of redemption was never terminated and became property of this bankruptcy estate. Moreover, the post-petition actions of the Movants to enforce the Foreclosure Sale without first obtaining a modification of the automatic stay, despite their knowledge of the filing of this case, constitute willful violations of the stay causing injury to the Debtor and her rights in the Property.

In response, Wells Fargo contends that, under a proper reading of Georgia law, it is well-settled that acceptance of the high bid at the foreclosure sale terminates a borrower's equity of redemption. *See In re Hinson Mgmt. Grp., Inc.*, 2012 WL 2175752 (Bankr. N.D.Ga. June 8,

2012), citing *Pearson v. Fleet Fin. Center, Inc. (In re Pearson),* 75 B.R. 254, 255 (Bankr. N.D.Ga. 1985)(citing *Carrington v. Citizens' Bank of Waynesboro*, 144 Ga. 52, 85 S.E. 1027 (1915); *McKinney v. South Boston Sav. Bank,* 156 Ga.App. 114, 274 S.E.2d 34 (1980). When a high bid is accepted before a bankruptcy filing, as is the case here, no interest in the underlying Property becomes property of the subsequently created bankruptcy estate because the borrower (the Debtor herein), retained no such interest as of the filing of the Petition. *Bishop v. GMAC Mortg., LLC*, 470 B.R. 633, 638 (Bankr. M.D.Ga. 2011), citing *Williams v. SunTrust Bank, supra,* 393 B.R. at 820; *First Nationwide Mortg. Corp. v. Davis (In re Davis)*, 1998 WL 34066146 (Bankr. S.D.Ga. Jan. 21, 1998); s*ee also In re Haynes*, 2007 WL 7141218 (Bankr. N.D.Ga. April 17, 2007); *U.S. Bank Nat'l Ass'n v. Poole (In re Poole)*, 2015 WL 4039167 (Bankr. S.D.Ga. June 30, 2015).

Based on the foregoing, Wells Fargo argues that, because the Debtor had no interest in the Property as of the filing of the petition in this case, (i) the stay was not violated by any activities related to the Property that occurred after the Foreclosure Sale, such that Count I must be dismissed, and (ii) the Debtor had no right to bring a trespass action related to the Property (and also did not allege that Wells Fargo entered the Property), such that Count III must be dismissed. As to Count II, Wells Fargo challenges the reasonableness of the Debtor's reliance on its statements to her. As to Count IV, Wells Fargo notes that it was not a party to the eviction, such that Count IV should be dismissed as to it. As to Count V, Wells Fargo asserts that the Debtor must have an interest in the Property to maintain such a claim, and insists Count V must also be dismissed because the statements in the Deed Under Power are true, and because the Debtor failed to allege any special damages arising from any slander.

MLRP relies on *Tampa Inv. Grp. supra,* to assert that the Debtor's equity of redemption terminated when the Foreclosure Sale was concluded. Based on that principle, it further asserts that there was no stay as to the Property. As to the Debtor, MRLP relies on the Debtor's Recent Case and the effect of 11 U.S.C. § 362(c)(3) to conclude that there was no stay as to the Debtor. Based on this analysis, MRLP asserts that Counts I and III must be dismissed as to MRLP. As to Count II, MRLP asserts that insufficient facts are pled as to several essential elements of surprise, and thus the Count must be dismissed as to MRLP. As to Count IV, MRLP states that no facts are asserted as to MRLP, and thus Count IV must be dismissed as to it. Finally, as to Count V, MRLP relies on its analysis that relates to Counts I and III, and also notes, as did Wells Fargo, that no special damages were pled. MRLP also asserts that its failure to assert an interest in the Property forecloses this claim. Based on this assertion, MRLP asserts Count V must be dismissed as to it.

The Debtor filed Debtor's Combined Response. In it, she asserts that the equity of redemption was not terminated by the Foreclosure Sale, but survives until the Foreclosure Sale is consummated via the delivery of the Deed Under Power and the payment of the related consideration. As to Count II, she asserts that the elements have been met as to the "Defendants." As to Count III, she asserts that the elements of trespass are satisfied by asserting that the Deed Under Power was executed, delivered and recorded. Debtor admits that Count IV is not asserted as to the Movants. As to Count V, she asserts that the Defendants knew the statements about the foreclosure sale in the Deed Under Power were false and were made maliciously, knowingly and wrongfully. Finally, she claims that she has alleged special damages.[3]

---

[3] MRLP's Reply and Wells Fargo's Reply repeat arguments already made, and thus are not helpful.

8

ANALYSIS

Georgia law provides that a security deed transfers legal title to the property conveyed to a grantee, with the grantor retaining equitable title including an equitable right of redemption. *See Leggett v. Morgan (In re Morgan)*, 115 B.R. 399, 401 (Bankr. M.D.Ga. 1990), citing *West Lumber Co. v. Schnuck*, 204 Ga. 827, 51 S.E.2d 644, 649 (1949); *see also Pendley v. Brooks*, 119 Ga.App. 268, 166 S.E.2d 898 (1969). An equitable right of redemption becomes property of a debtor-grantor's bankruptcy estate. *Commercial Fed. Mort. Corp. v. Smith (In re Smith)*, 85 F.3d 1555, 1557–58 (11th Cir.1996). When a debtor's equitable right of redemption is terminated through a foreclosure sale is a question of state law. *See Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Few Georgia Supreme Court or Georgia Court of Appeals cases address directly the question at issue here – whether the right of redemption terminates at the time the foreclosure sale is cried and a bid accepted, or at some later time – for example, when the consideration is actually paid or the deed under power of sale is executed, delivered, or recorded. That is likely because that issue is rarely relevant outside of the bankruptcy context. Borrowers do not often fail to pay a loan through the date of a foreclosure sale, but try to do so between the sale and the execution and recording of the documents that memorialize the sale. The relevant questions outside of a bankruptcy context seem to be, based on the decided cases, when is the sale so far concluded that (i) the holder of the security deed can no longer sue on the underlying obligations,[4] (ii) the holder of the security deed cannot conduct a second sale at a different price,[5] or (iii) an action for

---

[4] *Federal Deposit Ins. Corp. v. Dye*, 642 F.2d 837, 843 (5th Cir. 1981).

[5] *Building Block Enter., supra*, 314 Ga.App. 147, 723 S.E.2d 467.

9

wrongful foreclosure can be maintained.[6] Unfortunately, the general proclamations in those cases about when the sale is "concluded" are not helpful in determining when the right of redemption has terminated.

More helpful are decisions of the Georgia Supreme Court addressing that question directly. The most recent of those is *Tampa Inv. Grp., supra*. 290 Ga. 724, 723 S.E. 2d 674. That decision consolidates several appeals, and addresses two questions – first, when does the right of redemption terminate, and second, when is a foreclosure sale so far concluded that the security deed holder can no longer sue on the underlying obligations?[7] It is, of course, only the first question that is of interest here.

The analysis of the relevant question in *Tampa Inv. Grp.*, *supra*, 290 Ga. at 725, 723 S.E.2d at 677, begins with quotes from two (2) older Georgia Supreme Court cases – *Cummings v. Johnson*, 218 Ga. 559, 129 S.E.2d 762 (1963), and *Carrington v. Citizens' Bank of Waynesboro*, *supra*, 144 Ga. 52, 53, 85 S.E. 1027. The quote from *Carrington* is particularly instructive. In it, the Georgia Supreme Court states clearly that the right of redemption – the right to pay the amount owed and reclaim title to the property – does not continue to exist to defeat the rights of the foreclosure sale purchaser in circumstances where the borrower tenders the amount owed after the sale has been cried but before the deed under power is recorded. In those circumstances, the right to redeem had, in the view of the Georgia Supreme Court, clearly terminated when the sale was cried and the bid accepted. The *Tampa Inv. Grp.* court next notes that the right to possession

---

[6] *Tait v. Nationstar Mortg.*, *supra*, 2015 WL 5725249.

[7] In this case it was argued that because the foreclosure sale had been concluded, and the sale not confirmed under O.C.G.A. § 44-14-161, the holder of the notes could no longer pursue collection of the notes.

terminates at that same time, citing to *McKinney v. South Boston Sav. Bank*, *supra*, 156 Ga. App. 114, 116, 274 S.E. 34 for that proposition.

Finally, the Georgia Supreme Court cites favorably (and relies on)[8] several decisions from United States Bankruptcy Courts in Georgia [9] that hold, as we do today, that the grantor/borrower's right to redeem terminates as of the time that the foreclosure sale is cried and the bid is accepted. *Tampa Inv. Grp., supra*, 290 Ga. at 726, 723 S.E.2d at 677.  This portion of the *Tampa Inv. Grp.* decision demonstrates to this Court that, were the Georgia Supreme Court to be presented with the question before this Court today – whether the Debtor had any interest in the Property at the time she filed her petition in this case – the Georgia Supreme Court would conclude that under these facts and Georgia law she did not.   Since this Court's job in interpreting Georgia law is to determine what the Georgia Supreme Court would decide on the relevant issue,[10] this clear indication of what that decision would be, if not determinative, is certainly extremely helpful to the inquiry.

---

[8] The Georgia Supreme Court relies on the conclusion that the equity of redemption terminates when the high bid is received to then conclude that "the Statute of Frauds is irrelevant to the determination of when the right of redemption held by the grantor of a security deed is extinguished." (citation omitted).    *Tampa Inv. Grp.*, *supra*, 290 Ga. at 726, 723 S.E.2d at 677; *see also Legacy Communities Grp.*, *supra*, 310 Ga. App. 466, 713 S.E.2d. 670, *rev'd on other grounds, Legacy Communities Grp., supra,* 316 Ga.App. 496, 729 S.E.2d 612 (2012)(also citing *Sanders v. AmSouth Mortg. Co. (In re Sanders)*, 108 B.R. 847 (Bankr. S.D.Ga. 1989) and *Pearson v. Fleet Fin. Ctr., Inc. (In re Pearson),* 75 B.R. 254 (Bankr. N.D.Ga. 1985), for this holding, but then distinguishing them as regards the Statute of Frauds question).

[9] *Williams v. SunTrust Bank*, *supra*, 393 B.R. 813; *Sanders v. AmSouth Mortg. Co., supra,* 108 B.R. 847; *Pearson v. Fleet Fin. Ctr., supra*, 75 B.R. 254.   See also *21st Mortg. Corp. v. Johnson (In re Johnson)*, 2015 WL 778887 (Bankr. S.D.Ga. Feb. 23, 2015); *U.S. Bank. Nat'l Ass'n v. Poole (In re Poole),* 2015 WL 4039167 (Bankr. S.D.Ga. June 30, 2015)*; Gadson v. Federal Nat'l Mortg. Ass'n (In re Gadson)*, 2013 WL 5817708 (Bankr. S.D.Ga. Oct. 29, 2013); *In re Hinson Mgmt. Grp., Inc.*, *supra*, 2012 WL 2175752 (Bankr. N.D.Ga. June 8, 2012); *Bishop v. GMAC Mortg*, *supra*, 470 B.R. 633; *see further In re Haynes*, *supra*, 2007 WL 7141218 (reaffirming *Pearson, supra*).

[10]  *See e.g. Boone v. Corestaff Support Serv., Inc.*, 805 F.Supp.2d 1362, 1376-77 (N.D.Ga. 2011), citing *Smigiel v. Aetna Cas. & Sur. Co.*, 785 F.2d 922, 924-25 (11th Cir. 1986); *see also Illinois Union Ins. Co. v. NRI Const. Inc.*, 846 F.Supp.2d 1366, 1374 (N.D.Ga. 2012).

Because it is undisputed that Wells Fargo accepted the high bid of Res-Cap on the date of the Foreclosure Sale at a time that was prior to the time that the Petition was filed, the Debtor had no ownership interest in the Property when the Petition was filed. Because the Property was thus not property of the bankruptcy estate as of the filing of the Petition, the automatic stay did not prevent any of the subsequent actions by Movants with regard to the Property. To the extent that a stay as to the Debtor alone is relevant to this matter, the automatic stay terminated as to the Debtor on December 1, 2016 pursuant to 11 U.S.C. § 362(c)(3) as a result of the Recent Case and the failure of the Debtor to seek any extension of the stay.[11] *See* Docket *passim*.

On the basis of this dispositive issue of law, no construction of the factual allegations presented will support a cause of action under Count I of the Complaint for willful violation of the automatic stay. Similarly, the allegations presented do not support a cause of action under Count III for trespass or Count V for slander of title through the execution and recording of the Deed Under Power, as the Debtor had no ownership or equitable redemption right in the Property at the time of the alleged events.[12]

As to Count IV, as noted in the Debtor's Combined Response, the claim for wrongful eviction does not apply to the Movants, but is directed against the other named Defendants herein (Res-Cap and WRI), such that Debtor does not oppose its dismissal as to Movants.

---

[11] Consequently, even if the Debtor retained a possessory interest in the Property after her equity of redemption terminated (which it appears, based on *McKinney v. South Boston Sav. Bank*, *supra*, she did not), that interest was not protected by the automatic stay.

[12] MRLP claims it never asserted an interest in the title to the Property, and no other elements of either O.C.G.A. § 51-9-1 (for trespass)(*see also LN West Paces Ferry Assoc., LLC v. McDonald*, 306 Ga.App. 641, 643, 703 S.E.2d 85 (2010)) or § 51-9-11 (for slander of title) have been alleged against it. *See also McCarter v. Bankers Trust Co.*, 247 Ga.App. 129, 132, 543 S.E.2d 755, 758 (2000). Consequently, neither trespass nor slander of title are maintainable as to MRLP on those bases as well.

With regard to Count II for surprise, the Debtor alleges that she personally notified the Movants after she filed her bankruptcy petition, but that no one ever informed her that the Foreclosure Sale had been conducted. Under O.C.G.A. § 23-2-54, "[a]nything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposite party takes an undue advantage, is in equity a surprise and is a form of fraud for which relief is granted." Fraud may be actual or constructive, and under Georgia law a plaintiff alleging actual fraud must show several elements including the intention to either induce the plaintiff to act or to refrain from acting and justifiable reliance by the plaintiff.[13]

Regarding MRLP, the Court concludes that the Debtor has not made a plausible claim for relief on this count since there are no allegations that MRLP misrepresented any facts about the Foreclosure Sale to confuse the Debtor on which the Debtor justifiably relied to her detriment. As noted above, the Debtor alleges MRLP did not say anything about the Foreclosure Sale. Georgia law requires a duty to disclose when "particular circumstances" are presented. *See The Seckinger-Lee Co. v. Allstate Ins. Co.*, 32 F.Supp.2d 1348, 1355 (N.D.Ga. 1998), citing *Williams v. Dresser Indus.*, 120 F.3d 1163, 1168 (11th Cir. 1997)(citing O.C.G.A. § 23-2-53).[14] Based on

---

[13] To state a claim for actual fraud, a plaintiff must prove the following five elements:

> (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by the reliance.

*Harrouk v. Fierman*, 291 Ga.App. 818, 822, 662 S.E.2d 892, 895 (2008)(citations omitted). Constructive fraud is shown by "any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." O.C.G.A. § 23-2-51(b).

[14] "'Suppression of the truth is not a fraud unless used as a means of deceiving another…[for no one] is compelled to break silence and speak unless there is an obligation resting upon him to speak.'" *Seckinger-Lee, supra*, 32 F.Supp.2d at 1356, quoting *Reeves v. B.T. Williams & Co.*, 160 Ga. 15, 127 S.E. 293 (1925). Such a duty arises in "particular circumstances" when the concealment is shown to be intentional and done for purposes of obtaining an

13

this analysis, the Court further concludes that the Debtor has not offered a plausible claim on this ground because no facts are alleged that the purported concealment was intentionally made to deceive the Debtor and secure a benefit against her. Absent allegations of such circumstances or other basis of a sufficient confidential or dependent relationship between the parties, no pre-existing obligation to communicate has been sufficiently alleged upon which to base a viable claim of liability against MRLP. *Williams v. Dresser Indus., supra*, 120 F.3d at 1167-68; *Seckinger-Lee, supra*, 32 F.Supp.2d at 1355.

Such a claim, however, may have been adequately alleged against Wells Fargo. Here, the Debtor states that, instead of informing her that the Foreclosure Sale had occurred, a Wells Fargo representative told her several times "not to worry, and that, as a consequence of Plaintiff's bankruptcy filing, Plaintiff was still the record owner of the Property." Complaint, ¶ 44. Based on these alleged representations, the Debtor states she "continued to reside in the Property." Complaint, ¶ 45. As a result of such 'intentional and malicious' actions, the Debtor alleges she was "unfairly surprised by the alleged Foreclosure Sale and wrongful eviction that followed." Complaint, ¶¶ 50 & 51. In the Debtor's Combined Response (p. 7), the Debtor argues that although she failed to attend the eviction hearing, which ended with entry of a default judgment for a writ of possession, she remained at the Property "based on the omissions and representations" of Wells Fargo.

If these allegations are accepted, the Debtor's decision not to attend that hearing or understand the true legal status of her interest in the Property could have been affected by the statements of the unidentified Wells Fargo employee. It appears, however, that the claim under

---

advantage. *Seckinger-Lee, supra*, citing *Georgia Real Estate Comm'n v. Brown*, 152 Ga.App. 323, 325, 262 S.E.2d 596, 597 (1979). *See also Williams v. Dresser Indus.*, *supra*, 120 F.3d at 1167-68, citing O.C.G.A. § 23-2-53.

Count II accrued *after* the Petition Date. Although a legal cause of action becomes property of a debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1), such actions must accrue prior to the "commencement of the case" to be included in a chapter 7 estate. The determination of when a tort-based cause of action accrues, and whether it is an asset of the estate, is made with reference to state law.[15] In Georgia, a claim for fraud accrues when actual damages are sustained as a result of the commission of the alleged wrongful act. *See Green v. White*, 229 Ga.App. 776, 780, 494 S.E.2d 681, 685 (1997), cited in *Quorum Health Resources, LLC v. Hospital Auth. of Wayne Cty., Georgia*, 2011 WL 13202017, *2 (S.D.Ga. Sept. 2, 2011).

Here, it appears that both the operative facts as well as any alleged damages occurred after the Petition Date. Thus, this cause of action is property of the Debtor. Because this bankruptcy estate has no interest in this claim and its disposition will not affect administration of this estate by the Chapter 7 Trustee, the Court further concludes it should abstain from hearing this claims, which should instead be heard and decided in another federal or state court forum with jurisdiction as appropriate. 28 U.S.C. § 1334(c)(1).

Based upon the above discussion, it is

**ORDERED** that the Wells Fargo Motion to Dismiss be, and the same hereby is, granted, and the Complaint is **dismissed** as against Wells Fargo; *provided, however*, that Count II is **dismissed without prejudice** to the Debtor's right to file such claim in the appropriate state court. It is further

---

[15] *Goldstein v. Stahl (In re Goldstein)*, 526 B.R. 13, 21 (B.A.P. 9th Cir. 2015), citing *Boland v. Crum (In re Brown)*, 363 B.R. 591, 605 (Bankr. D.Mont. 2007), citing *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). *See also Doscher v. Barnett*, 2016 WL 7366077 (M.D.Fla. Dec. 19, 2016), *adopting report and recommendation*, 2016 WL 7366894 (M.D.Fla. Nov. 4, 2016).

15

**ORDERED** that MRLP's Motion to Dismiss be, and the same hereby is, **granted** and the Complaint is **dismissed** as against MRLP.   Finally, in view of the foregoing, it is further

**ORDERED** that *Motion to Stay Discovery and Pretrial Deadlines* filed by MRLP on November 9, 2017 (Docket No. 8) is **denied** as moot.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, counsel for Wells Fargo, counsel for MRLP, counsel for WRI Property Management, LLC, counsel for Residential Capital Management Fund 1, LLP, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**